JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Allen Cunningham appeals his sentence arising out of his plea to sexually molesting two young girls. We find merit to the appeal and vacate the sentence and remand for resentencing.
 {¶ 2} Cunningham was indicted on fourteen counts. The first victim was a fourteen-year-old girl he met over the Internet. The second victim was his twelve-year-old neighbor and also his daughter's best friend.
 {¶ 3} On December 11, 2001, Cunningham pled guilty to one count of corruption of a minor, one count of unlawful sexual conduct with a minor, and one count of illegal use of a minor in a nudity performance, all relating to his conduct with the fourteen-year-old victim. Regarding his conduct with the twelve-year-old victim, he pled guilty to one count of importuning, one count of gross sexual imposition, and one count of abduction. As part of the plea, he also stipulated to being a sexual predator.
 {¶ 4} Sentencing was continued for a presentence investigation report and a psychiatric evaluation.
 {¶ 5} On January 22, 2002, the court held a sentencing hearing. After hearing from the prosecutor, defense counsel, Cunningham, Cunningham's current psychologist, the fourteen-year-old victim, and the parents of the twelve-year-old victim, the trial court sentenced Cunningham by separately addressing the charges involving each of the two victims.
 {¶ 6} Regarding the offenses involving the fourteen-year-old victim, the court sentenced Cunningham to the maximum of eighteen months for corrupting a minor, the maximum of five years for unlawful conduct with a minor, and the maximum of eight years for using a minor in a nudity performance.
 {¶ 7} Regarding Cunningham's conduct with the twelve-year-old victim, the court sentenced him to the maximum of eighteen months for importuning, three years for gross sexual imposition, and two years for abduction.
 {¶ 8} All counts involving the fourteen-year-old victim were run concurrently with each other, but consecutive to the counts involving the twelve-year-old victim, which were also run concurrently with each other, for a total of eleven years.
 {¶ 9} Cunningham asserts five assignments of error, which will be addressed together and out of order where appropriate.
 Sentence Exceeds the Minimum {¶ 10} In his first assignment of error, Cunningham, who has no prior criminal record, argues that the trial court erred by imposing more than the minimum sentence without stating its reasons for finding that a sentence exceeding the minimum sentence was necessary.
 {¶ 11} R.C. 2929.14(B) states, in pertinent part:
 {¶ 12} "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 13} The Ohio Supreme Court in State v. Edmonson (1999),86 Ohio St.3d 324, 326, considered the requirements of this statute and held:
 {¶ 14} "We construe this statute [R.C. 2929.14(B)] to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. By contrasting this statute with other related sentencing statutes, we deduce that the verb finds as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons."
 {¶ 15} A review of the record in the instant case indicates that prior to imposing more than the minimum sentence for the charges regarding the fourteen-year-old victim, the court stated that to do otherwise "would demean the seriousness of what he did and it would not adequately protect the public if I give him the two years." (TR. at 54). Therefore, the trial court made the required findings pursuant to R.C. 2929.14(B).
 {¶ 16} The trial court, however, did not have to make such a finding, because it was imposing the maximum sentence as to these counts. This court has expressly held that R.C. 2929.19(B) does not apply when a maximum sentence is imposed pursuant to R.C. 2929.14(C), because the explicit language of R.C. 2929.14(B) excludes maximum sentences.State v. Prettyman, Cuyahoga App. No. 79291, 2002-Ohio-1096; State v.Berry (June 14, 2001), Cuyahoga App. No. 78187; State v. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908; State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297.
 {¶ 17} Regarding the charges involving the twelve-year-old victim, the trial court imposed the maximum for only one of the offenses, importuning. Therefore, the trial court had to make a finding for imposing more than the minimum on the two remaining counts of gross sexual imposition and abduction.
 {¶ 18} The trial court initially sentenced Cunningham on these remaining counts without stating anything regarding the minimum sentence. After a conference with counsel at sidebar, however, the court then came back on the record and stated, "I did not give you the shortest term because I believed it would demean the seriousness of what you did and it would not adequately protect the public, if I gave you the shortest term * * *." (TR. at 59).
 {¶ 19} Therefore, the trial court made the requisite findings pursuant to R.C. 2929.14(B). Pursuant to State v. Edmonson, supra, the trial court did not have to state the reasons behind its finding the minimum sentence was not proper.
 {¶ 20} Cunningham's first assignment of error is overruled.
 Maximum Sentence {¶ 21} In his second and fifth assignments of error, Cunningham argues that the trial court erroneously considered his son's conduct while sentencing him and that the facts did not support the trial court's conclusion that he committed the worst form of the offense or that he posed the greatest likelihood of reoffending. Cunningham also argues that the trial court failed to make findings in support of the maximum sentence for the counts regarding corruption of minor, unlawful conduct with a minor, and importuning.
 {¶ 22} A review of the record indicates that prior to sentencing Cunningham to the maximum on the three counts involving the fourteen-year-old victim, the trial court found the crimes were the worst forms of the offenses and stated the following reasons: he preyed upon two girls, he engaged in sexual intercourse and oral sex on five occasions with the fourteen-year-old victim in her home while her parents were away, and he also took nude photos of her in her home.
 {¶ 23} In addition, the trial court found that there was a likelihood of recidivism because there were two victims involved; Cunningham had undergone counseling in the past; his son was involved in abusing a person; and Dr. Aronoff's report indicated Cunningham had a significant interest in adolescent and adult females.
 {¶ 24} Although we question the relevancy of the trial court's reference to Cunningham's son's behavior and disagree with the trial court's interpretation of Dr. Aronoff's report, there was sufficient evidence cited by the court that Cunningham's conduct with the fourteen-year-old constituted the "worst form" of the offense for at least the charges of unlawful sexual conduct with a minor and corruption of a minor.
 {¶ 25} However, we find the trial court failed to cite sufficient evidence in support of the maximum sentence regarding the nude photographs taken of the fourteen-year-old victim. The only fact cited by the court for imposing the maximum eight-year sentence for this charge was that the photos were taken in the victim's home. We find that simply taking the photos in the victim's home, without more, does not constitute the worst form of the offense and thereby warrant an eight-year prison term.
 {¶ 26} Regarding sentencing Cunningham for his conduct with the twelve-year-old victim, the trial court initially said nothing prior to imposing the maximum sentence for importuning. After a sidebar conference, the trial court stated that the maximum was required "because the minors involved and the likelihood of you committing these offenses again." (TR. at 60). This did not constitute sufficient findings in support of imposing the maximum sentence pursuant to R.C. 2929.14(C) and did not set forth adequate reasons for imposing the maximum sentence.
 {¶ 27} Cunningham's second assignment of error has merit in part and requires a remand for a new sentencing hearing. The fifth assignment of error, however, is overruled.
 Consecutive Sentences {¶ 28} In his fourth assignment of error, Cunningham argues that the trial court erred by imposing consecutive sentences without making the requisite findings required by R.C. 2929.14(E)(4).
 {¶ 29} In imposing consecutive prison terms for convictions of multiple offenses, the trial court must make certain findings enumerated in R.C. 2929.14(E)(4). According to this statute, a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E).
 {¶ 30} When the trial court makes the above findings, it must also state its reasons on the record why it made the findings. State v. Gray
(Feb. 22, 2001), Cuyahoga App. No. 77849.
 {¶ 31} In imposing the sentences consecutively, the trial court stated as follows:
 {¶ 32} "And I gave you consecutive prison terms and the reason I did that is because I believe that the harm was so great in this case because of the two victims involved, and it was so unusual because of the situation of over the Internet and going to a young girl's home when her parents aren't there and having sex with her, that a single term of imprisonment would not adequately reflect the seriousness of your conduct and that's the reason that I gave you the consecutive sentence in this case." (TR. at 60).
 {¶ 33} The trial court failed to make a finding that the consecutive sentence was not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.
 {¶ 34} Therefore, because the trial court did not make the requisite findings in imposing the consecutive sentence, Cunningham's fourth assigned error has merit and requires a new sentencing hearing.
 Disproportionate Sentence {¶ 35} In his third assignment of error, Cunningham claims the trial court's sentence of a total of eleven years was disproportionate to the sentence imposed for similar crimes.
 {¶ 36} Because we are vacating the sentence and remanding for a complete resentencing, this assignment of error is moot. App.R. 12(A)(1)(c).
Sentence vacated and case remanded for resentencing.
The sentence is vacated, and this cause is remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, A.J. and MICHAEL J. CORRIGAN, J. CONCUR.